# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| STEPHEN RAY SHOEMAKE and DIANN MITCHELL SHOEMAKE, <br><br> Appellants <br><br> v. <br><br> SN SERVICING CORP. and SENECA MORTGAGE SERVICING, LLC, <br><br> Appellees | BANKRUPTCY COURT <br> NO. 11-11900-RMI-13 <br> ADV. PRO. NO. 1:17-ap-90177 <br><br><br><br> NO. 1:17-cv-0109 <br> CHIEF JUDGE CRENSHAW |

## MEMORANDUM OPINION

This action is an appeal from the United States Bankruptcy Court for the Middle District of Tennessee. The underlying action arose as an adversary proceeding in relation to the Shoemakes' Chapter 13 bankruptcy. This appeal is from an Order granting Appellee SN Servicing Corporation's Motion to Dismiss and an Order denying the Shoemakes' Motion to Reconsider and granting dismissal as to Appellee Seneca Mortgage Servicing LLC. Appellants' claims that were dismissed, and for which this appeal is filed, are: (1) removal of cloud on the title; (2) violation of the automatic stay; and (3) violation of the Confirmation Order.[1]

Background

The Shoemakes filed for Chapter 13 bankruptcy on November 30, 2011. Schedule D of their bankruptcy petition included a disputed debt to the Appellees' predecessor, secured by a secondary deed of trust on residential real estate. On March 22, 2012, an entity called Wingspan Portfolio

---

[1] Appellants' fourth and fifth claims, for violations of the Real Estate Settlement Procedures Act and the Truth in Lending Act, were dismissed for lack of jurisdiction, and Appellants did not appeal that ruling.

Advisors filed a proof of claim in the Shoemakes' bankruptcy as to this secondary deed of trust (Doc. No. 4 at 60). The Trustee moved to disallow that claim because the "name of the creditor on the face of the proof of claim is not supported by the documents attached." (Id. at 26). Neither the Shoemakes, nor Appellees, nor Wingspan Portfolio Advisors responded to the Trustee's objection. The Bankruptcy Court disallowed the claim because it was not filed by the actual holder of the note underlying the deed of trust (Id. at 28). The Shoemakes' Chapter 13 Plan, as confirmed, included treatment of the subject debt as a "long term" debt with post-confirmation payments of $300 and an arrearage of $11,000 (Id. at 20-21). The Shoemakes received a discharge from their bankruptcy on November 30, 2015 (Id. at 29). Appellees[2] became servicers for this debt almost one year later, on November 16, 2016, and began attempting to collect from the Shoemakes.

The Shoemakes argue that disallowance of the Wingspan Portfolio Advisors' proof of claim voided the lien allegedly attached to that claim. They also contend that because Appellees' predecessors continued to assess fees and other charges during the pendency of the bankruptcy, Appellees are in violation of the automatic stay and the Confirmation Order for trying to collect those amounts.

Standard of Review

The Court has jurisdiction to hear this appeal under 28 U.S.C. § 158(a). On appeal from a Bankruptcy Court, a district court applies the clearly erroneous[3] standard of review to findings of

---

[2] The Complaint in this adversary proceeding treats the two Appellees as one and indicates that they are mortgage service companies (Doc. No. 1 at 5).

[3] "Clearly erroneous" has been defined as against the clear weight of the evidence or if the court is left with the definite and firm conviction that a mistake has been committed. In re Dino's, Inc., 183 B.R. 779, 781 (S.D. Ohio 1995); In re Purvi Petroleum III, LLC, 2012 WL 1969908 at * 1, n.1 (M.D. Tenn. June 1, 2012).

2

fact and reviews questions of law *de novo.* In re Gardner, 360 F.3d 551, 557 (6th Cir. 2004); Midstate Finance Co., Inc. v. Peoples, 2018 WL 1586138 (E.D. Tenn. March 31, 2018).

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Id. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. Fritz v. Charter Township of Comstock, 592 F.3d 718, 722 (6th Cir. 2010).

## Removal of Cloud on Title

The Bankruptcy Code provides that a secured creditor *may* file a proof of claim. 11 U.S.C. § 501(a). If the creditor elects not to file a proof of claim, the debtor or the trustee may file a proof of claim on behalf of the creditor. 11 U.S.C. § 501(c); In re Oudomsouk, 483 B.R. 502, 507 (Bankr. M.D. Tenn. 2012). If a secured creditor elects not to file a proof of claim and no proof of claim is filed on the creditor's behalf by the debtor or the trustee, then normally that lack of a proof of claim will not adversely affect the lien rights. Id.[4] The failure of a secured creditor to file a proof of claim will not result in the loss of the creditor's lien and generally speaking, after the bankruptcy case is concluded, the creditor may pursue the collateral to satisfy its lien. Id. (quoting In re Kressler, 252 B.R. 632, 633 (Bankr. E.D. Pa. 2000)).[5]

---

[4] Neither the Shoemakes nor the Trustee filed a proof of claim regarding this second deed of trust. Neither did the Shoemakes appeal the disallowance of the proof of claim that was filed.

[5] In other words, a creditor with a loan secured by a lien on a debtor's assets may ignore the bankruptcy proceeding and look to the lien for the satisfaction of the debt. Dewsnup v. Timm, 502 U.S. 410, 417 (1992); In re Matteson, 535 B.R. 156, 161 (6th Cir. 2015). It is a well-

3

Appellants contend that because the Bankruptcy Court disallowed the claim at issue, the lien allegedly connected to that claim was rendered void. Appellees argue (and the Bankruptcy Court found) that the claim at issue was disallowed on procedural, not substantive, grounds; in other words, the Bankruptcy Court never made a determination regarding the merits of Wingspan Portfolio Advisors' claim and, therefore, the lien remains. No one disputes that the proof of claim was filed by the wrong entity.

The Note in the record, dated July 17, 2006, is from the Shoemakes to a lender identified as Ownit Mortgage Solutions, Inc. (Doc. No. 4 at 77). The deed of trust was originally granted to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Ownit Mortgage Solutions, Inc. (Id. at 67 and 168). The proof of claim included an assignment from MERS to Homevest Capital, LLC (Id. at 66). In addition, an allonge attached to the proof of claim indicated that Ownit Mortgage Solutions endorsed the note to the order of Homevest Capital, LLC. (Id. at 76 and 168-69). Nothing was filed to indicate that Wingspan Portfolio Advisors had any interest in the note. Therefore, the Bankruptcy Court disallowed the claim, but not on its merits.

Lack of the proof of claim documentation required by Rule 3001(c), which is a procedural rule, is not a *substantive* ground for disallowing a claim. In re Porter, 374 B.R. 471, 480 (D. Conn. 2007); Kohout v. Nationstar Mortgage, LLC, 576 B.R. 290, 296 (N.D. N.Y. 2017). Moreover, disallowance of a claim for failure of a creditor to timely file its claim does not extinguish the underlying lien. In re Hamlett, 322 F.3d 342, 348 (4th Cir. 2003). Section 506(d)[6] empowers the

---

established principle of bankruptcy law that liens pass through bankruptcy proceedings unaffected. Id.

[6]   That statute provides that to the extent a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void unless the claim was disallowed only under section

bankruptcy court to void liens supporting disallowed claims only if it concludes those liens to be *invalid in substance*. Id. "The failure to file a timely claim, like the failure to file a claim at all, does not constitute sufficient grounds for extinguishing a perfectly valid lien." Id. at 349 (quoted in Oudomsouk, 483 B.R. at 510). The Court finds that failure of the actual holder of the note to file a claim is also the same as the failure to file a claim at all.[7]

The claim in this case was not disallowed against the actual holder of the note, because the actual holder of the note did not file a proof of claim. Moreover, nothing in the proof of claim shows any connection whatsoever to either of the Appellees. Disallowance was not based upon any finding as to substance; in fact, the substance of the claim was not even considered.[8] The Shoemakes could have moved to reconsider disallowance of this claim, filed a proof of claim for this debt themselves, modified the Plan to deal with this debt, or pursued a loan modification. Instead, they made no payments on the debt through their Plan or on their own.

The Shoemakes' Plan treated this second deed of trust as valid. Even though they allegedly disputed the claim, they included it in their Plan as a "long-term" debt. (Doc. No. 4 at 20-21). The Court finds that the Bankruptcy Judge's ruling was correct - the lien now held by Appellees was not

---

502(b)(5) or 502(e) [not applicable here] or it is not an allowed secured claim due only to the failure of an entity to file a proof of such claim. 11 U.S.C. § 506(d).

[7] In re Monk, 2011 WL 212831 (D. Ore. Jan. 21, 2011), cited by Appellants, involved a claim that was disallowed because there was no evidence of any security agreement or evidence that the security interest had been perfected - merits issues, not procedural.

[8] The Shoemakes argue that disallowance of this claim was substantive because they disputed the claim. The Bankruptcy Court never ruled on that dispute, however.

voided by disallowance of the claim, on procedural grounds, in the Shoemakes' bankruptcy. As to that issue, the decision of the Bankruptcy Court will be affirmed.[9]

## Automatic Stay

The filing of a bankruptcy petition operates as a stay, applicable to all entities, of, among other things, any act to create, perfect, or enforce any lien against property of the estate; any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the bankruptcy case; and any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the bankruptcy case. 11 U.S.C. § 362 (a)(4)-(6). The Shoemakes contend that any misapplication of payments or assessed charges against their debt during their bankruptcy violated the automatic stay.

The Appellees, however, were not involved in any manner with this debt during the automatic stay. Appellees were not involved at the time the bankruptcy was going on and were not involved in whatever occurred prior to the bankruptcy closing. Any action that allegedly violated the automatic stay was taken by someone other than Appellees. To the extent Appellants dispute the *amount* of the debt, that issue is a contract law issue that can be brought in state court (or federal court if there is diversity). There is no claim for declaratory judgment to determine the amount of the debt in this adversary proceeding or before this Court. Appellees did not violate the automatic stay. The decision of the bankruptcy judge on this issue will be affirmed.

---

[9] The Shoemakes assert that Appellees "decided to participate" in the bankruptcy, but Appellees made no decision at all concerning the bankruptcy. They did not even become involved with this debt until November 16, 2016, almost a year after the Shoemakes' bankruptcy was completed and discharged (Doc. No. 5 at 33).

Violation of Confirmation Plan

Appellants have not identified a particular provision of the Plan that was violated by Appellees by attempting to collect this debt a year after the bankruptcy was closed. The Plan included the debt as a "long term debt." Appellants defaulted on the loan, and Appellees' attempts to collect on the note and second deed of trust did not violate the bankruptcy Plan.

Conclusion

For these reasons, the decisions of the Bankruptcy Court on Appellees' Motion to Dismiss and Motion to Reconsider and on Appellant's Motion for Default Judgment will be affirmed, by separate order.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE